# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

PRESCRIPTION ANALYTICS, INC., )
)
)
    Plaintiff, )    Case No. 2:26-cv-1087
v. )
)
APOZEAL PHARMACEUTICALS, INC., )
)
    Defendant. )

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant, Apozeal Pharmaceuticals, Inc. ("Apozeal") hereby removes the above-captioned action from the Circuit Court of Washington County, Wisconsin, Case No. 2026-CV-000231, to the United States District Court for the Eastern District of Wisconsin. Apozeal provides this "short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). Apozeal specifically preserves and does not waive any and all applicable defenses, including, without limitation, those pursuant to Federal Rule of Civil Procedure 12.

## INTRODUCTION

1.  On April 14, 2026, plaintiff, Prescription Analytics, Inc. ("PAI") filed a Summons and Complaint against Apozeal in the Circuit Court of Washington County, Wisconsin, Case No. 2026-CV-000231 (the "Underlying Matter").

2.  In its Complaint, PAI alleges that Apozeal and PAI entered into a Master Services Agreement ("MSA"), that Apozeal breached its payment obligations under the MSA by failing to pay invoices, and that Apozeal prevented PAI from performing its obligations by revoking PAI's

access to the CMS Medicaid System portal. (A true and correct copy of the Complaint is enclosed as **Exhibit A**, at ¶¶ 8, 12–13).

3. In its Complaint, PAI purports to bring a single count for breach of contract and seeks an award of monetary damages in the amount of $102,632.00, together with contractual late fees, pre- and post-judgment interest, and PAI's reasonable attorneys' fees and costs incurred in this action. *See* **Ex. A** at Prayer for Relief.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

4. This case satisfies all requirements for removal under 28 U.S.C. § 1446.

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders which have been filed in the Underlying Matter are attached as **Ex. A**.

6. A copy of the State docket, showing all filings and activity to date, is attached as **Exhibit B**.

7. Promptly after the filing of this Notice of Removal, written notice of the removal of this action will be served on all parties' counsel, as required by 28 U.S.C. § 1446(d).

8. Additionally, a true and correct copy of this Notice of Removal will also be promptly filed with the Circuit Court of Washington County, Wisconsin, pursuant to 28 U.S.C. § 1446(d).

9. Removal is timely under 28 U.S.C. § 1446(b)(1).

10. PAI filed the Underlying Matter in state court on April 14, 2026, and counsel for Apozeal accepted service of the Summons and Complaint on May 20, 2026. (A true and correct copy of the Acceptance of Service of Process is attached as **Exhibit C**).

11. Apozeal filed this Notice of Removal within the 30-day removal window. *See* 28 U.S.C. § 1446(b)(1).

## JURISDICTION AND VENUE

12. Venue is proper in this court, for removal purposes only, because this case is pending in the Circuit Court of Washington County, Wisconsin, and this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

13. This Court has jurisdiction over this removed action under 28 U.S.C. §§ 1441 and 1332(a).

14. This Court has original jurisdiction because diversity of citizenship exists between PAI and Apozeal and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

## GROUNDS FOR REMOVAL

15. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a).

16. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1).

### *Complete Diversity*

17. First, this action meets the complete diversity requirement because Apozeal and PAI are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

18. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" *See id.* § 1332(c)(1).

19. The Complaint alleges that PAI is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 121 S. Wilson Ave., Hartford, WI 53027.

20. PAI is therefore a citizen of Wisconsin.

3

21.     Apozeal is a corporation organized under the laws of the State of Pennsylvania with its principal place of business located at 2091 Hartel Avenue, Levittown, PA 19057. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation's principal place of business is "the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination").

22.     Apozeal is therefore a citizen of Pennsylvania. Complete diversity thus exists here.

### *Amount in Controversy*

23.     Second, this action meets the amount-in-controversy requirement because the "matter in controversy exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332(a).

24.     The Complaint expressly seeks monetary damages in the amount of $102,632.00, plus contractual late fees, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

25.     Because the Complaint seeks damages of $102,632.00 plus contractual attorneys' fees, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold.

26.     Apozeal disputes PAI's entitlement to any relief and disputes the application of Wisconsin procedural law, but the "stakes" are what they are. See *SJ Props. Suites v. Specialty Fin. Grp., LLC*, 733 F. Supp. 2d 1021, 1034 (E.D. Wis. 2010).

27.     Based on the above, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the total amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

28.     Therefore, removal of this action is appropriate, and this Court should assume jurisdiction over this action under 28 U.S.C. § 1441.

**WHEREFORE**, Apozeal removes this action, now pending in the Circuit Court of Washington County, Wisconsin, Case No. 2026CV000231, to this Court.

Respectfully,

**HURTADO ZIMMERMAN, S.C.**


BY: *s/ Brian R. Zimmerman*
       Brian R. Zimmerman, Esquire
       State Bar No. 1072563
       1011 N. Mayfair Road 204
       Wauwatosa, WI 53226
       Phone: (414) 727-6250
       Email: bzimmerman@hzattys.com
       *Attorneys for Defendant,*
       *Apozeal Pharmaceuticals, Inc.*

Date: June 17, 2026


## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I caused the forgoing to be electronically filed with the Clerk of the Court, and that a copy of the forgoing is being furnished by e-mail to counsel for Plaintiff:

Amy M. Bentley
Bentley Tuffnell Law
933 N. Mayfair Rd. Suite 325B
Milwaukee, WI 53226
amy@tuff-law.com
*Attorney for Plaintiffs Prescription Analytics, Inc*


**HURTADO ZIMMERMAN, S.C.**


BY: *s/ Brian R. Zimmerman*
       Brian R. Zimmerman, Esquire

5

11763584.1 62056-0063